IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL ARROYO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| PHOEBE MINISTRIES INC., | : | |
| D/B/A PHOEBE ALLENTOWN, and | : | |
| SUSAN D. SCHLENER, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Jill Arroyo (hereinafter "Plaintiff"). Plaintiff was an employee of Phoebe Ministries Inc., d/b/a Phoebe Allentown (hereinafter "Phoebe") in Allentown, Pennsylvania, who has been harmed by age-based discrimination and retaliatory practices, as well as other improper conduct by Phoebe.

This action is brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. and 35 P.S. § 10225.302.

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States, particularly the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

3. All conditions precedent to the institution of this suit have been fulfilled.

4. Plaintiff has invoked the procedure set forth in the ADEA. On February 2, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Phoebe alleging, inter alia, age-based employment discrimination, maintenance of a hostile work environment, and retaliation. On April 13, 2017, a Notice of Right to Sue was issued by the EEOC.

5. This action has been filed within ninety (90) days of receipt of said Notice.

## III. PARTIES

6. Plaintiff is a 49 year old adult female citizen and resident of the Commonwealth of Pennsylvania, residing in Allentown, Lehigh County, Pennsylvania. Plaintiff at all times relevant herein was employed by Phoebe.

7. At all times relevant herein, Plaintiff was a "person" and "employee" as defined by the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Act.

8. Phoebe is a limited liability company organized and doing business under the laws of the Commonwealth of Pennsylvania with registered offices and a principle place of business at 110 North Commerce Way, Bethlehem, Pennsylvania.

9. At all times relevant herein, Phoebe was an "employer" and "person" as defined by the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Act.

10. Defendant Susan D. Schlener is an adult citizen and resident of the Commonwealth of Pennsylvania. At all times material hereto, Defendant Schlener was employed by Phoebe Ministries as the Administrator for Phoebe Allentown, and in that capacity had direct supervisory authority and is

responsible for the formulation and/or implementation of practices, policies, and procedures, as well as the day to day operation and overseeing and command and control of Phoebe Allentown.

11. At all times relevant hereto, Phoebe was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of Phoebe.

## IV. CAUSES OF ACTION

12. Plaintiff is a 49 year old female employee hired by Phoebe in or about 1990 as a Registered Nurse.

12. During Plaintiff's employment with Phoebe, Plaintiff performed her job duties in a proper and competent manner with no history of misconduct or performance issues.

13. At all times relevant hereto, Plaintiff's supervisor was Susan D. Schlener, Administrator.

14. Schlener is significantly younger than Plaintiff.

15. In July 2015, Schlener who is significantly younger than Plaintiff, was hired as the Administrator for the Allentown facility.

16. Beginning in August 2015 shortly after Schlener became Plaintiff's supervisor, Plaintiff was targeted for termination by Phoebe based solely on her age. This targeting took the form of disciplinary actions which were baseless, and which were issued solely to make Plaintiff eligible for termination.

17. In August 2015, Schlener disciplined Plaintiff for her participation in an investigation of elder abuse. In addition to this action being a violation of Pennsylvania law pertaining to reporting of elder abuse, this action was taken

because Schlener wanted to replace Plaintiff with a younger employee.

18. For a period of ten years, Plaintiff had been responsible for staffing, but this duty was removed by Schlener and reassigned to a younger, less experienced nurse.

19. In February 2016, a family made a complaint of sexual abuse on behalf of their resident relative, and Plaintiff directed that an investigation be undertaken.

20. She took this action because she was the highest ranking supervisory employee on duty.

21. The investigation resulted in a determination that no abuse had occurred.

22. The family was dissatisfied with this result, and attempted to contact Schlener.

23. However, neither Schlener nor the Executive Director were willing to speak with the family, and the family therefore made a complaint to the Pennsylvania Department of Health.

24. The DOH conducted a site visit, and also determined that there was no substantiated abuse.

25. In response, Schlener issued a "First and Final Warning" to Plaintiff because the family had complained to the DOH, with the full knowledge that she, Schlener was solely at fault for the escalation of the complaint to the DOH.

26. This First and Final Warning made Plaintiff eligible for termination upon any subsequent disciplinary action.

27. As a result, Plaintiff complained to the Human Resources Director, Glenn Stine.

28. Stine did not take any remedial action, but instead directed Plaintiff back to Schlener.

29. In response, Schlener stated that she did not trust Plaintiff.

30. In August 2016, Plaintiff issued a First and Final Warning to a younger employee concerning an issue of resident care.

31. This was done in consultation with and with the consent of Human Resources.

32. When the employee complained to Schlener, she terminated Plaintiff on August 11, 2016.

33. Plaintiff believes that none of these actions would not have been taken with respect to younger employees, and that but for her age she would not have been disciplined or terminated.

34. Phoebe engaged in this aforementioned harassment and discriminatory and retaliatory conduct as part of a practice of ousting older employees and maintaining a younger work staff.

35. Plaintiff was terminated by Phoebe because of her age.

36. Furthermore, the termination of Plaintiff was because of her engaging in protected conduct under 35 P.S. § 10225.302, namely the investigation of allegations of elder abuse, and imposing discipline upon an employee who had founded allegations of elder abuse made against her.

37. As a direct result of Phoebe's conduct, Plaintiff has been irrevocably damaged.

38. As a direct result of Phoebe's above-stated conduct, Plaintiff has suffered on-going back-pay and front-pay losses.

39. As a direct result of Phoebe's above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

40. As a direct result of Phoebe's above-stated conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and he has

suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. PHOEBE
## AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADEA

41. Paragraphs 1 through 40 inclusive, are incorporated by reference as if fully set forth at length herein.

42. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in her employment with Phoebe and retaliated for "protected conduct" under the ADEA.

43. The foregoing acts of Phoebe constitute unlawful discrimination against Plaintiff in violation of the ADEA.

44. The action of Phoebe acting through Schlener was without reason or basis, and was arbitrary, capricious, and unfounded.

45. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory and retaliatory manner solely because of her age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. PHOEBE
## RETALIATION IN VIOLATION OF 35 P.S. § 10225.302

46. Paragraphs 1 through 45 inclusive, are incorporated by reference as if fully set forth at length herein.

47. Under 35 P.S. § 10225.302(a), any person having reasonable cause to believe that an older adult is in need of protective services may report such information to the agency which is the local provider of protective services.

48. Under 35 P.S. § 10225.302 (c) any person making a report or cooperating with the agency, including providing testimony in any administrative or judicial proceeding, and the victim shall be free from any discriminatory, retaliatory or disciplinary action by an employer or by any other person or entity.

49. Any person who violates this subsection is subject to a civil lawsuit by the reporter or the victim wherein the reporter or victim shall recover treble compensatory damages, compensatory and punitive damages or $5,000, whichever is greater.

50. Under 35 P.S. § 10225.302 (c.1) any person, including the victim, with knowledge sufficient to justify making a report or cooperating with the agency, including possibly providing testimony in any administrative or judicial proceeding, shall be free from any intimidation by an employer or by any other person or entity.

51. Any person who violates this subsection is subject to civil lawsuit by the person intimidated or the victim wherein the person intimidated or the victim shall recover treble compensatory damages, compensatory and punitive damages or $5,000, whichever is greater.

52. The termination of Plaintiff was motivated in whole or part by her cooperation with investigations of allegations of elder abuse, which was protected conduct under the Pennsylvania Older Adults Protective Services Act.

53. As a direct result of the Defendant's willful and unlawful actions in treating

Plaintiff in a retaliatory manner in violation of the Older Adults Protective Services Act, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF LIQUIDATED DAMAGES UNDER THE ADEA

54. Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55. At all times relevant hereto, Phoebe knew or should have known of the pattern of conduct in which its agents, servants, and representatives had engaged and in which they continued to engage.

56. At all times relevant hereto, Phoebe knew or should have known that the aforesaid pattern of conduct was in violation of law and Phoebe's stated policies and terms of employment.

57. Despite such knowledge, Phoebe failed to adequately investigate, discipline, or discharges its agents, servants, and representatives who discriminated against Plaintiff by reason of her age and created a hostile work environment.

58. Phoebe failed and refused to properly protest and support Plaintiff and in fact subjected or permitted him to be subjected to age discrimination and retaliation.

59. At all times relevant hereto, Phoebe acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated.

## V. PRAYER FOR RELIEF

60. Paragraphs 1 through 59 inclusive, are incorporated by reference as if fully set

forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and request that this Court:

(a) Exercise jurisdiction over her claims;

(b) Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

(c) Order Phoebe compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which they would have been entitled, had they not been subject to unlawful discrimination and/or retaliation;

(d) Order Phoebe compensate Plaintiff with an award of front pay, if appropriate;

(e) Order Phoebe compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(f) Order Phoebe pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(g) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                              HAHALIS & KOUNOUPIS, P.C.


                              By:/s/ David L. Deratzian
                                  DAVID L. DERATZIAN, ESQUIRE
                                  REBECCA MITCHELL, ESQUIRE
                                  20 East Broad Street
                                  Bethlehem, PA  18018
                                  (610) 865-2608
                                  Attorneys for Plaintiff

Dated:  June 26, 2017